J-S04009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ELIJAH DICKSON | : | |
| | : | |
| Appellant | : | No. 803 EDA 2022 |

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ELIJAH DICKSON | : | |
| | : | |
| Appellant | : | No. 804 EDA 2022 |

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ELIJAH DICKSON | : | |
| | : | |
| Appellant | : | No. 805 EDA 2022 |

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ELIJAH DICKSON | : | |
| | : | |
| Appellant | : | No. 806 EDA 2022 |

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ELIJAH DICKSON | : | |
| | : | |
| Appellant | : | No. 807 EDA 2022 |

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |

```
                                   :
                                   :
JAMES ELIJAH DICKSON                :
                                   :
            Appellant              :    No. 808 EDA 2022
```

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

```
COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
JAMES ELIJAH DICKSON            :
                               :
            Appellant          :    No. 809 EDA 2022
```

Appeal from the PCRA Order Entered March 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004796-2016,
CP-51-CR-0004797-2016, CP-51-CR-0004798-2016,
CP-51-CR-0004799-2016, CP-51-CR-0004800-2016,
CP-51-CR-0004801-2016, CP-51-CR-0004802-2016

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                **FILED APRIL 20, 2023**

In these consolidated appeals, James Elijah Dickson (Appellant) appeals

*pro se* from the orders dismissing his first petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

This Court previously recited the underlying facts:

During the evening of April 16, 2016, [Appellant] was hanging out at the home of his cousin, Alphonso Liverpool. Also at the home were Ziyon Laboy, Levi Almonte, Joel Almonte, Edwin Laboy, and Christine Chromiak [(Chromiak)]. At some point, the group decided to walk over to [Appellant's] home at 637 East Westmoreland Street in Philadelphia. Along the way, they ran into Kenny Stowe [(Stowe)]. [Appellant] told Liverpool that he did not want Stowe to come over, and threatened that if Stowe did, he would kill Stowe and Liverpool. However, Stowe remained persistent about going to [Appellant's] home with the group, so [Appellant] eventually relented and allowed Stowe to come over.

Once at the home, the group ate, drank alcohol, and smoked marijuana and PCP. Stowe began to argue with [Appellant], so [Appellant] ejected Stowe from his home; however, [Appellant] allowed Stowe to return approximately twenty minutes later.

Once Stowe returned, he again argued with [Appellant], prompting [Appellant] to eject Stowe from his home a second time; however, like before, [Appellant] allowed Stowe to eventually reenter the home.

At some point, a transgender individual came over, and [Appellant] went upstairs with the individual. After the individual left, Stowe told [Appellant] to "stop messing with boys," and called [Appellant] a faggot. [Appellant] then told Liverpool to get Stowe out of his home, or he would kill them both. At the time, [Appellant] had a shotgun in his hand and proceeded to point it in Liverpool's direction and pull the trigger; however, it was not loaded. [Appellant] then asked Liverpool and Joel Almonte to come upstairs with him, and there, Almonte admitted to unloading the shotgun earlier that evening because he felt unsafe in the home with the loaded gun. Almonte then went back downstairs, but Liverpool remained upstairs with [Appellant]. While the pair was upstairs, [Appellant] told Liverpool that the people downstairs were trying to kill him. Liverpool tried to convince [Appellant] otherwise, and eventually told him that he would go downstairs to see what was going on. Once downstairs, Liverpool warned Stowe that they had to leave immediately, but Stowe refused to leave, so Liverpool left alone.

After Liverpool left, [Appellant] walked down the stairs with the shotgun, and shot Stowe, who was standing in the living room, in the head. Ziyon Laboy ran to the door; however, before he escaped, [Appellant] shot him twice in the arm. [Appellant] next shot Edwin Laboy [(Laboy)], who was also in the living room at the time, in the head. After seeing [Appellant] shoot [] Laboy, Levi Almonte made his escape through the front door. Joel Almonte and [] Chromiak ran into the kitchen and hid in two different corners. [Appellant] followed the pair into the kitchen with the shotgun in his hands, and eventually pointed the gun at Almonte. Almonte thereafter smacked the gun and ran away from the scene. After Almonte escaped, [Appellant] shot Chromiak three times.

After the shootings concluded, [Appellant] called 911. While he remained on the line with the authorities, he barricaded himself in his home when police arrived. Police therefore secured the perimeter and called in the SWAT team. While members of the SWAT team were on the roof of [Appellant's] home, [Appellant] shot through the roof at them. Eventually, [Appellant] exited his home without incident and was taken into custody. Once [Appellant] had left the home, officers entered the premises and found the bodies of Stowe, [] Laboy, and Chromiak. In addition, police recovered numerous spent shotgun casings and a camouflage-printed shotgun at the scene, as well as unspent shotgun casings on [Appellant's] person.

**Commonwealth v. Dickson**, 216 A.3d 413 (Pa. Super. 2019) (unpublished memorandum at 1-4) (citation omitted).

The Commonwealth charged Appellant with numerous crimes at seven separate dockets. The case proceeded to a non-jury trial in May 2017. Attorneys Wendy Ramos and Mythri Jayaraman (Trial Counsel) represented Appellant. The trial court found Appellant guilty of four counts of simple assault; three counts of first-degree murder; two counts each of attempted murder, aggravated assault on a police officer, aggravated assault, and recklessly endangering another person; and one count each of persons not to

- 5 -

possess a firearm and possession of an instrument of crime. On May 24, 2017, the trial court sentenced Appellant to three consecutive terms of life imprisonment. Appellant timely filed post-sentence motions, which the trial court denied.

Appellant filed a direct appeal, and this Court affirmed the judgment of sentence. **Dickson**, **supra**. Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal. The PCRA court explained:

> On August 23, 2019, [Appellant timely] filed a *pro se* "Motion for a New Trial on the Ground of After-Discovered Evidence," which the court deemed to be a petition ("Initial Petition") under the … PCRA[]. [**See**, **e.g.**, **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation omitted)).] On November 20, 2019, [Appellant] filed a motion to proceed *pro se*. The court held a **Grazier**[1] hearing on January 17, 2020, and granted [Appellant's] motion to proceed *pro se*.
>
> On November 23, 2020, [Appellant] filed an amended PCRA petition…. Apparently having changed his mind about representing himself, [Appellant] filed a motion for appointment of counsel on April 26, 2021. However, at a video hearing on July 9, 2021, [Appellant] withdrew his request for counsel. On October 4, 2021, [Appellant] filed a supplemental amended PCRA petition….

---

[1] **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."); **cf.** Pa.R.Crim.P. 904(C) (providing "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

PCRA Court Opinion, 5/10/22, at 4 (original footnotes omitted; one footnote added).

On December 14, 2021, the Commonwealth filed a motion to dismiss Appellant's PCRA petition on the basis that the claims lacked merit or were waived. Motion to Dismiss, 12/14/21. The Commonwealth also averred:

> On July 16, 2021, in response to [Appellant's] discovery motion, the Commonwealth provided [Appellant] by mail: (1) two [crime] scene photographs taken by personnel from the [Philadelphia] medical examiner's office, and (2) criminal histories of decedents [] Laboy, [] Chromiak, and [] Stowe.

*Id.* at 2 (citing Commonwealth's correspondence, Exhibit "A"); *see also id.* at 5 n.1 (explaining Exhibit "A" consisted of "two photographs depicting the folded knife referenced in the medical examiner crime scene notes").

On December 20, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant did not respond. The court dismissed Appellant's PCRA petition on March 2, 2022.

On March 10, 2022, Appellant timely filed seven notices of

appeal at each of the seven trial court dockets.[2]  This Court consolidated the appeals *sua sponte*.  On March 16, 2022, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The order cautioned Appellant that "any issues not contained in a concise statement of errors … will be deemed to have been waived."  Order, 3/16/22 (some capitalization modified).  Appellant timely filed a *pro se* Rule 1925(b) concise statement on March 29, 2022 (Concise Statement).

---

[2] Appellant's notices of appeal were identical, and the caption listed all seven trial court dockets (with no distinguishing marks).  Appellant's notices of appeal implicate **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (requiring appellants to file separate notices of appeal from single orders that resolve issues on more than one docket) (overruled in part by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (holding that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.")).

In **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court emphasized that "**Walker** only required an appellant to file a **'separate'** notice of appeal for each lower court docket the appellant was challenging," and "**Walker** made no mention of case numbers on a notice of appeal."  **Id.** at 1148 (emphasis in original).  Accordingly, we held that

> [b]ecause Johnson appealed from four docket numbers and filed four notices of appeal, Johnson has complied with **Walker**.  The fact that each notice of appeal listed all four docket numbers does not invalidate his notices of appeal, and we decline to quash his appeals.

**Id.** (overruling **Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa. Super. 2009) ("a notice of appeal may contain only one docket number" under **Walker**)).  Instantly, we conclude the "fact that each [of Appellant's seven] notice[s] of appeal listed all [seven] docket numbers does not invalidate his notices of appeal[.]"  **Johnson**, 236 A.3d at 1148.

Appellant presents ten issues for our review:

A. Whether the PCRA court made a plain error, an error of law, by its conclusions in its Pa.R.A.P. 1925(a) opinion, dated May 10, 2022[, to the extent it stated] that "In any event, the evidence of a knife found on Mr. Stowe's body was not material to any issues in the case[";] and ["]since [Appellant] failed to proffer evidence to show that the Commonwealth suppressed evidence of the knife[,] Appellant's **Brady**[3] claim premised upon the knife was properly rejected[";] and that Appellant never raised a claim in the PCRA court asserting that [the] Commonwealth withheld exculpatory evidence regarding cell-phones the claim is waived? The PCRA court abused its discretion when there would have been no prejudice because Appellant did present such facts in the PCRA court.

B. [Whether] the PCRA court committed an error of law by denying the petitions for post conviction relief based upon discovery of exculpatory evidence of a knife, withheld by police at the crime scene, and cell-phones and a false, staged crime scene[?]

C. [Whether] the PCRA court committed an error of law by denying Appellant an evidentiary hearing to present the fabrications within the crime scene photographs, to demonstrate that the crime scene were [*sic*] staged by the crime scene police agents[?]

D. [Whether] the PCRA court committed an error of law by denying the petition for post conviction relief based on ineffective assistance of Trial Counsel[?]

E. Was Trial Counsel ineffective for [his] failure to present the Pennsylvania Castle Doctrine defense in conformance as being attacked in Appellant's home by gang members and dealer[s] with [18 Pa.C.S.A. §] 505(b)(2.1) and other portions of 18 Pa.C.S. § 505 …, which is a procedural statute?

---

3 **See Brady v. Maryland**, 373 U.S. 83 (1963); **see also Commonwealth v. Cam Ly**, 980 A.2d 61, 75 (Pa. 2009) ("Under **Brady**, the prosecution's failure to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights.").

F. Was Trial Counsel ineffective for interfering with Appellant's fundamental right to finish testifying on Appellant's own behalf at trial?

G. Was Trial Counsel ineffective for failure to investigate and call as a witness police officer Donna Jaconi, the crime scene unit agent concerning the weapon, the knife, and cell-phones not being put on property receipts, and the inconsistencies within the crime scene photographs?

H. Was Trial Counsel ineffective for failure to investigate and call police officer Alvin Outlaw as a witness?

I. Was Trial Counsel ineffective for failure to introduce the criminal histories of decedents?

J. Was Trial Counsel ineffective for failure to cross-examine police officer Stephen Cross[?]

Appellant's Brief at 7-8 (footnote added; some capitalization and punctuation modified).

Critically, Appellant did not raise any of his issues in his Concise

Statement.[4]  It is axiomatic that "any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review."  **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.")); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."); Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal).

To the extent Appellant vaguely claimed in his Concise Statement, "numerous issues of Trial Counsel's ineffectiveness," the claim is undeveloped and insufficient to preserve the various assertions of ineffectiveness Appellant presents in his statement of questions.  **See** Concise Statement, 3/29/22, at 2.  This Court has instructed that an appellant's

> concise statement must properly specify the error to be addressed on appeal.  In other words, the Rule 1925(b) statement must be

---

[4] Appellant's Concise Statement states, in pertinent part:

> **Brady**[] violations.  The crime scene unit police agents withheld []suppressed evidence at the crime scene favorable to [Appellant that was] "material" exculpatory, and impeachment evidence[.]  The knife w[as] exculpatory, and the [] cell-phones were impeachment evidence….

> \* \* \*

> Ineffective assistance of counsel, numerous issues of Trial Counsel's ineffectiveness.

Concise Statement, 3/29/22, at 2 (paragraph numbering omitted; some capitalization modified).  Appellant did not expound on his claim(s) of Trial Counsel's ineffectiveness.

specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement [that] is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (citations, quotation marks, and brackets omitted).

The PCRA court determined that Appellant's vague ineffectiveness claim resulted in waiver. The PCRA court explained:

[Appellant's] claim of trial counsel ineffectiveness completely fails to specify any specific claims of ineffectiveness that [Appellant] intends to raise on appeal. For that reason, his claims of trial counsel ineffectiveness are waived. *Commonwealth v. Parrish*, 224 A.3d 682, 700 (Pa. 2020) (a Rule 1925(b) statement that "generically and capaciously encompassed every conceivable claim of ineffective assistance of trial counsel contained in the amended PCRA petitions" was waived for failure to comply with Rule 1925(b)).

PCRA Court Opinion, 5/10/22, at 11. We agree.

We are mindful that Appellant is *pro se*. While "this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* Accordingly, Appellant has waived his ineffectiveness issues. *See Bonnett*, *supra*; *Hansley*, *supra*.

Our review further reveals that Appellant preserved in his Concise Statement only one of the issues he presents in his statement of questions; namely, his *Brady* claim.[5]  *See* n.5, *supra*.

Appellant asserts the PCRA court erred by rejecting his claim that the Commonwealth committed a *Brady* violation.  According to Appellant, the Commonwealth failed to disclose to the defense exculpatory evidence of the knife police discovered on Stowe's body and cellphones.  *See* Appellant's Brief at 13-25.  Appellant claims he has established "not only the element[]s necessary for a successful *Brady* claim, but also … that the crime scene unit police agents[] actually concealed the … knife[] and cell-phones."  *Id.* at 21. Appellant maintains "there is a reasonable probability that, had the … knife[]

---

[5] Before addressing this claim, however, we note that Appellant's brief does not comply with Pa.R.A.P. 2119(a), which requires the argument section of an appellate brief to

> be **divided into as many parts as there are questions to be argued**; and shall have at the head of each part - in distinctive type … - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

*Id.* (emphasis added).  Appellant's argument section headings do not correspond to his ten issues listed in his statement of questions presented. Nevertheless, we address the merits of Appellant's *Brady* claim to the best of our ability.  *See* Pa.R.A.P. 105(a) (requiring liberal construction of appellate rules); *but see also Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011) ("The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted[.]").

and cell-phones … been disclosed to the Appellant[,] the result of the proceeding would have been different." *Id.* at 14.

"When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022) (citation, quotations, and footnote omitted). With respect to *Brady*, the Pennsylvania Supreme Court has stated:

> To prove a *Brady* violation, [an a]ppellant must demonstrate that: (1) the prosecution concealed evidence; (2) which evidence was either exculpatory or impeachment evidence favorable to him and; (3) he was prejudiced by the concealment. In order to prove prejudice, [a]ppellant must show a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

*Commonwealth v. Bomar*, 104 A.3d 1179, 1189 (Pa. 2014) (citations and quotations omitted).

Here, the PCRA court explained its rationale for rejecting Appellant's allegation of a *Brady* violation:

> [Appellant] claims that the Commonwealth suppressed evidence of a knife that was found on the body of victim [] Stowe, as well as photographs of the knife taken by the Philadelphia Medical Examiner's office. Initial Petition[, 8/23/19,] at p. 20. [Appellant] claims that such evidence would have been relevant to [his] self-defense argument at trial. *Id.* at 14.
>
> In support of his claim, [Appellant] presented evidence of a portion of a report from the medical examiner's office stating that a knife was removed from the pants of Mr. Stowe. Initial Petition[, 8/23/19,] Exhibit CP-4832 at p. 30. However, the Commonwealth avers that this report was provided to [Appellant] prior to the trial, and [Appellant] does not deny that allegation. Instead, he seems to aver that the actual knife was suppressed to

- 14 -

his prejudice. Initial Petition[, 8/23/19,] at p. 20. While [Appellant] also claims the Commonwealth suppressed photographs of the knife, he proffered no evidence to contradict evidence submitted by the Commonwealth establishing that compact discs containing photographs of the knife were sent to [Trial C]ounsel under cover of a letter from the assigned assistant district attorney dated April 28, 2017, several weeks prior to the trial. *See* Commonwealth's Motion to Dismiss, [12/14/21,] Exhibit B. Since [Appellant] failed to proffer evidence to show that the Commonwealth suppressed evidence of the knife, his *Brady* claim premised upon the knife was properly rejected. *See* [*Commonwealth v.*] *Simpson*, 66 A.3d [253,] 264 [(Pa. 2013)] ("To demonstrate a *Brady* violation, [a]ppellant must show that: (1) the prosecution concealed evidence….").

In any event, the evidence of a knife found on Mr. Stowe's body was not material to any issues in the case. At the trial, [Appellant] testified that he committed the killings in self-defense because he believed the victims were conspiring to kill him with the shotgun that he ultimately used to kill the victims. N.T. 5/23/2017 at 148-55. At no point during [Appellant's] testimony did he ever reference a knife or threat of a knife as a reason for his killings. *See id.* at 130-63; N.T. 5/24/2017 at 7-52. [Appellant] explicitly stated that the victims "ain't have no weapon before I come down stairs." N.T. 5/23/2017 at 155. Accordingly, given [Appellant's] reasons for the murders as described in his testimony, the Commonwealth's alleged concealment of a small knife found in the pants of one of the three people [Appellant] admittedly killed with a shotgun could not have affected the outcome of the trial. Therefore, the knife does not give rise to a *Brady* violation. *Simpson*, 66 A.3d at 264.

[] *Cellphones*

[Appellant] also asserts that the Commonwealth withheld exculpatory evidence regarding cellphones. [Concise] Statement[, 3/29/22,] at ¶ 3. However, [Appellant] never raised this claim in the PCRA court. For that reason, the claim is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")[.]

PCRA Court Opinion, 5/10/22, at 9-10.

Our review discloses ample record and legal support for the PCRA court's rationale. Thus, Appellant's **Brady** claim does not merit relief.

For the above reasons, we affirm the PCRA court's dismissal of Appellant's first PCRA petition.

Orders affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/20/2023*